### LEVI BOLES *vs.* CITY OF BOSTON.

Suffolk.    January 17. — 31, 1884.    C. ALLEN & HOLMES, JJ., absent.

At the trial of a petition for the assessment of damages for land taken by a city to widen a street, upon the corner of which and another street there was a block of buildings owned by the petitioner and let to tenants, a portion of which block was taken by the widening, there was evidence that it was the most advantageous and prudent use of the estate to take down the entire remainder of the block and erect a new structure upon the estate; and that the petitioner did this as soon as he reasonably could. He was then asked by his counsel how long it was after he took down the building before the new building was in condition to use. *Held*, that the question was rightly excluded.

PETITION to the Superior Court for the assessment of damages for land taken by the respondent, under an order passed April 13, 1882, to widen Portland Street.  Trial in the Superior

Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows :

The petitioner was the owner of an estate at the corner of Portland Street and Sudbury Street, containing about 3089 square feet, having a frontage of 44.75 feet on Portland Street and of 71.26 feet on Sudbury Street, upon which there was a block of three wooden buildings, having brick partition walls between them parallel with Portland Street, into which the floor timbers of the buildings were put. These buildings fronted on Sudbury Street, were three stories high, of rather slight construction, and thirty years old. The lower stories were let for stores, and the upper stories for mechanical purposes, with entrances on Sudbury Street. For the purpose of widening Portland Street, the respondent took of said premises a strip at the corner of Portland Street and Sudbury Street 44.75 feet on Portland Street and 20.55 feet on Sudbury Street, leaving of the building at the corner a strip about six feet in width.

The petitioner offered evidence tending to prove that the remaining portion of the corner building was of little or no value if used by itself; that it would not be a reasonable expenditure and investment to erect a new front wall on Portland Street for the purpose of utilizing the remainder of this building by itself, but that it was the most advantageous and prudent use of the estate to take down the entire remainder of the block and erect a new structure upon the estate ; that he did take down the remainder of the block, and erect a new and substantial brick structure upon the remaining land, as soon as he reasonably could ; that the premises, before the taking, were occupied by different persons as tenants at will of the petitioner; and that they continued to occupy them and pay rent therefor until July 1, 1882, when the buildings were taken down.

The petitioner was then asked by his counsel how long it was after he took down the building before the new building was in condition to use. To this question the respondent objected, on the ground that the loss of rent of the portions of the petitioner's estate covered by buildings not actually taken by the widening, while the petitioner was erecting a different and more expensive structure in their place, could not be considered as an element of damage. The judge excluded the question.

The rule of damage stated by the judge in his instructions to the jury was, that the petitioner was entitled to recover the value of the land taken by the city at the time of taking, together with all damage to the remaining part of his estate caused by such taking, and interest on the amount so determined from the time of taking.

The jury assessed the petitioner's damages at $13,712; and the petitioner alleged exceptions to the exclusion of the above question.

*R. M. Morse, Jr.*, for the petitioner.

*T. M. Babson*, for the respondent.

FIELD, J. There was evidence that the petitioner took down the remainder of the block, and erected a new and substantial brick structure upon the remaining land as soon as he reasonably could; and that it was the most advantageous and prudent use of the estate to take down the entire remainder of the block and erect a new structure upon the estate. If the damages to be recovered by the petitioner depend in any respect upon the actual length of time occupied in the erection of a new building, if erected as soon as the petitioner reasonably could erect it, they would depend upon the kind of new building erected, because different buildings require different periods of time for their erection, and it is plain that the amount of the liability of the city ought not to be affected by the kind of new building which the petitioner chose to erect. The loss of rent or of beneficial occupation during the erection is essentially a part of the cost of the building when fit for occupation.

The question was rightly excluded. *Chase* v. *Worcester*, 108 Mass. 60.                                              *Exceptions overruled.*